Tompkins, J.,
delivered the opinion of the Couit.
Sholar brought his action under the statute concerning forcible entries and detainers before two Justices of the Peace of Washington county, and had judgment. Smyth and others, defendants, under the 11th section of that act, by writ of certiorari, removed the proceedings had before the Juslices of the Peace, into the Circuit Court of Washington county, whore, by the judgment of that Court, the judgment of the two Justices was reversed, and held for nought for irregularity apparent on the face of the proceedings; a writ of restitution was granted to the plaintiffs in certiorari, defendants before the Justices, and the cause remanded to the said Justices for further proceedings. The 11th section is in these words, “ that no appeal shall ue allowed from the judgment of the Justices under this act; but the proceedings may be removed after judgment, by certiorari, into the Circuit Court, and there set aside for irregularity.” When the cause came into the Circuit Court, the counsel for the defendants below assigned lor error, that the Justices had not allowed the defendants to put in issue, by plea, facts that might in law have barred the plaintiff from recovering in this action, and material testimony had been excluded lrom the jury, all which was saved in a hill of exceptions. It is evident from the slightest perusal, that the act is designed to provide for a decision on the right of possession, and thereby prevent breaches of the peace. The 17th section provides, that “no judgment under or by virtue of this act shall be a bar to any other action at law brought by either party, either to try the right of property or for intermediate damages.” Therefore in the 11th section above cited, it is expressly provided that no appeal shall be allowed from the judgment of the Justices under this act; but that the proceedings may be removed after judgment into the Circuit Court and there set aside for irregularity; it may he asked what purpose the act would answer if the cause were to be brought up on appeal to correct errors in law which Justices of the Peace might commit. The right of property as well as that of possession might be as soon deci, *295 <led in the Circuit Court, i£ the errors in law committed by the Justices axe to be corrected by that Court. The record of the Justices itself, without the aid of a bill of exceptions, brings up the irregularities, if any, which may authorize the Circuit Court to set aside the proceedings. Irregularity is error of fact, or error of law, appearing in the proceedings, that is, was there a summons, a judgment, a verdict, &c., and were they such as the act requires ? No objection of this kind being made before the Circuit Court, this Court seeing- then a summons, judgment, verdict, Sec., will not look narrowly into the proceedings to see if they are regular. It may he added, that if the Justices had permitted pleas to he filed, although we cannot see any good purpose it would answer, yet we are not disposed to believe it would have been in improper act. But the course which we believe the act intended to he pursued, is to give evidence without pleading as in cases before a single Justice. It certainly would answer the purposes of justice as well, and be more convenient. The Circuit Court certainly had no right to remand the cause for further proceedings before the Justices: they were no Court established by law, and when they had granted their writ of restitution, their functions ceased. The 9th section of the act itself plainly indicates this by providing, that if either party wish a new trial, it must he applied for on the day on which the verdict is rendered. The judgment of the Circuit Court is therefore reversed and the cause remanded, and that Court is directed to set aside its several writs of re-restitution, and to restore Sholar, the plaintiff before the Justices, to the possession, if he have been put out of possession by any writ of re-restitution issued by order of that Court in this proceeding, and to allow him all his costs incurred before the Justices and in that Court